# CHARLESTON.

WATSON *et al* v. CONRAD *et al.*

(BRANNON, JUDGE, absent.)

Submitted June 21, 1893.—Decided November 29, 1893.

1. ESTOPPEL—PARTITION.

By the eleventh clause of the will of John Hoge, he directed "that the lands, property, money, bills or notes devised to my executors hereinafter named shall be held by them, or the acting or surviving part of them, upon trust for the necessary support of my daughter Eliza A. Long, to be paid out by them for said purpose and in such proportion, as they may think necessary from time to time, and, if they might think it advisable, to sell the lands which were therein devised to them, and, on receipt of the purchase-money, convey the same to the purchaser or purchasers, holding the money in trust for the purposes aforesaid;" and they were thereby authorized, when they thought proper, to make sales of any property which might come into their hands by virtue of the devises aforesaid, or collect moneys due to them by virtue of the devises aforesaid, and loan out said moneys on interest when they might think it advisable to do so, so as that the moneys be kept safe and ready for the purposes aforesaid; and, if the whole of the funds then placed in the hands of his executors as aforesaid, for the purposes aforesaid, be not all paid out and disposed of for the purposes aforesaid during the natural life of his daughter Eliza A. Long, then the residue was to be paid to her children, naming them. With funds thus acquired, said executors purchased a tract of land in Lewis county on the 28th day of March, 1854, which purchase was adopted by the said Eliza A. Long and acquiesced in until her death, which occurred in March, 1868. She left three children, who acquiesced in said purchase and treated the property as land, by conveying their undivided interest therein to third parties. They are thereby estopped from treating said property as personalty, and a party holding one third of said land by virtue of a conveyance of one of said children is entitled to a partition thereof.

2. TITLE.

One of said children of Eliza A. Long having filed his petition in bankruptcy on the 10th day of October, 1867, and having become a voluntary bankrupt, and having included his interest in

said land in his schedule, and his assignee having been directed to preceed to sell the interest of said bankrupt in the lands mentioned in his schedule at the time of filing his petition therein, said Eliza A. Long, being then in life, a purchaser at such sale acquired no interest in said land, for the reason that said property, although held by trustees, was the absolute property of said Eliza A. Long.

A. EDMISTON and W. W. BRANNON, for appellants:

I.—*Bankruptcy proceedings notice to all persons and binds all parties.*—2 Black on Judgments, § 807; *Brown* v. *Smart*, 69 Md., 320; 14 Atl. R. 468; *Merriman* v. *Sewall*, 8 Gray, 316.

II.—*Cardinal rule is testator's intention.*—*Cresap* v. *Cresap*, 34 W. Va., 310, and cases cited.

III —*Limitation over, good as to chattels.*—*Bartlett* v. *Patten*, 33 W. Va. 7, and cases there cited; *Hinton* v. *Milburn*, 23 W. Va. 166.

G. J. ARNOLD for appellees cited 2 Gratt. 280; 17 S. E. Rep. 3; 14 Gratt. 369; Id. 374; Code c. 74, s. 37.

ENGLISH, PRESIDENT:

The last will and testament of John Hoge, who was a resident of the county of Pulaski, and state of Virginia, at the time of his decease, contained the following clause, to wit:

"I direct that the lands, property, money, bills, or notes devised to my executors hereinafter named shall be held by them, or the acting surviving part of them, upon trust for the necessary support of my daughter Eliza A. Long, to be paid out by them for said purpose, and in such proportion, as they may think necessary from time to time, and, if they may think it advisable, sell the lands which are herein devised to them, and, on receipt of the purchase-money, convey the same to the purchaser or purchasers, holding the money in trust for the purposes aforesaid; and they are hereby authorized, when they may think proper, to make sale of any property which may come into their hands by virtue of the devises aforesaid, or collect moneys due to them by virtue of the devises aforesaid, and to loan out said moneys on interest when they may

think it advisable to do so, so as that the moneys be kept safe and ready for the purposes aforesaid; and if the whole of the funds now placed in the hands of my executors as aforesaid be not all paid out and disposed of, for the purposes aforesaid, during the natural life of my daughter Eliza A. Long, then the residue is to be paid unto her children, to wit, Margaret Jane Long, John Montgomery Long, James Thomas Long, and Ann Elizabeth Long, and, if my daughter Eliza A. Long should hereafter have any more children, they are to come in equal with the above-named children."

He appointed Moses H. Hoge, John M. Hoge, and Moses B. Floyd executors of said will. The two first named alone qualified as such executors. On the 28th day of March, 1854, said Moses H. Hoge and John M. Hoge purchased from Jacob Bush a tract of land situated in the county of Lewis, on canoe run, a branch of the Monongahela river, described as containing one hundred and forty one and a half acres and thirty six and a half poles, more or less, the deed for which tract of land was acknowledged and admitted to record in said county on the 3d day of April, 1854. On the face of said deed it was provided that the said Moses H. and John M. Hoge should hold the above-conveyed tract of land for the uses and purposes following, and no other; that is to say, that the said tract of land, and the profits of the same, is to be for the exclusive use and benefit of said Elizabeth A. Long and her children that she then had, or might thereafter have, free from the control of the said Adam Long, and not liable to his debts then existing or thereafter to be contracted; and it was expressly declared to be the true meaning of said deed that the said trustees should not suffer the said tract of land, nor the profits thereof, to be applied to the debts of the said Adam Long, then existing or thereafter to be contracted, and that, from and after the death of the said Eliza A. Long, the children of said Eliza were to have the said land in fee simple.

Said Eliza A. Long died on the 16th day of March, 1868, and her husband, Adam Long, died in the year 1856. In October, 1867, John M. Long, one of the sons of said Eliza

and Adam Long, filed his petition in bankruptcy, and in his "Schedule B," filed with said petition, in describing and setting forth his property in reversion, remainder, or expectancy, including property held in trust for him, or subject to any powers of right to dispose of or to charge, set forth and described said tract of land conveyed by Jacob Bush and wife on the 28th day of March, 1854, to M. H. Hoge and J. M. Hoge, of Pulaski county, Va., in trust for his mother, Eliza A. Long, during her life, and the remainder to her children, of whom there were four, viz. John M. Long, Margaret J. Long, James T. Long, and Ann E. Evans, the latter of whom had died without issue and intestate.

The interest in the land so described was on the 19th day of March, 1870, sold by D. M. Bailey, assignee in bankruptcy of the said J. M. Long, at which sale E. Ralston, assignee of E. M. Tunstill, surviving partner of Bailey & Tunstill, and A. A. Lewis, became the purchasers thereof; and on the 31st day of August, 1874, said D. M. Bailey, assignee as aforesaid, conveyed to said Ralston and Lewis the undivided interest of said J. M. Long in the reversion in one hundred and forty one and a half acres of land, which was described therein as the same interest in said land surrendered by said J. M. Long in his schedule of property as such bankrupt, which interest was sold and conveyed by said E. Ralston and wife and A. A. Lewis to James F. Conrad.

On the 20th day of January, 1874, said John M. Long and wife, by their deed of that date, conveyed to Charles W. Watson all of his right, title, and interest in said tract of land, describing it as containing one hundred and seven acres, more or less.

James K. Bywater married said Margaret Jane Long, and they, together with said James Thomas Long, conveyed their interests in said land after the death of said Ann Eliza Long, who died without issue, to said James F. Conrad. And in this way said James F. Conrad claims to be the owner of said entire tract of land, while Charles W. Watson claims to be the owner of the undivided interest of said John M. Long under said deed of conveyance from said Long and wife.

This state of facts existing, said John M. Long and Charles W. Watson filed their bill, on the first Monday in January, 1877, against James F. Conrad, Moses H. Hoge, John M. Hoge, James T. Long, James K. Bywater, and Margaret Jane, his wife, setting forth the facts in substance as above detailed, and charging that notwithstanding the said executors, as such trustees, had no right under the will of John Hoge to invest the money coming to said Eliza A. Long in land, they did so and took the legal title to themselves, but agreed by the express language of said deed from Bush to them that, after the death of the said Eliza A. Long, said land mentioned in said deed from Bush to them might pass to the children of Eliza A. Long in fee simple; and alleging that, as the other heirs had accepted said land in lieu of money, the plaintiff John M. Long was willing to do likewise, said legal title taking effect and vesting in him on the 16th day of March, 1868, the day of the decease of his mother, Eliza A. Long; that the plaintiff John M. Long, since the death of his mother and sister, for a valuable consideration sold and conveyed his interest (if to be treated as land instead of money) to said Charles W. Watson, by deed duly recorded, dated the 20th day of January, 1874; that said land was held only as a mere chattel for the use of said children of Eliza A. Long, subject to their acceptance, and not as realty, as there was nothing to bind said children to accept said land instead of money coming to them as provided by the will of John Hoge, deceased, which could not take effect, and enable them to demand same, until the death of Eliza A. Long, their mother, on the 16th day of March, 1868; and praying that if, in the opinion of the court, said interest was to be treated as land, and vested in fee on the 16th day of March, 1868, a decree for partition be rendered, giving one undivided third of said land to Charles W. Watson, according to quality and quantity; but if, in the opinion of the court, it should be treated as money, praying that the court might decree a sale of said land, and that the money might be distributed as to equity might seem right.

The defendant James F. Conrad answered the plaintiff's bill denying that the trustees violated their trust, or ex-

ceeded their powers as trustees, in the purchase of the land in the bill mentioned; denying the right of the plaintiff J. M. Long to disclaim the provisions of the deed, and claim an interest in money under the will; and alleging that the deed gave the children of Mrs. Eliza A. Long a vested remainder in the land, while they might not have been entitled to anything in money, and the same might have been consumed by their mother; setting forth the facts as to said J. M. Long having, on his own petition, become a bankrupt, and the transfer of his interest thereby to his assignee in bankruptcy, and the conveyances made in pursuance thereof, from said assignee to Ralston and Lewis, and from Ralston and Lewis to respondent J. F. Conrad, and alleging, further, that said J. M. Long, by said proceeding in bankruptcy, surrender his interest in said land ; and further claiming that, if there could be any force in the pretense that his interest should be in money in the hands of said trustees, still his interest would pass from him; by force of the proceedings in bankruptcy ; and also that he had held possession of the entire tract of land since his purchase, and, being thus sustained by his possession and the legal title, he is advised that his title thereto is complete, and he denies the right of the plaintiffs to relief in a court of equity.

A. A. Lewis and E. Ralston also answered said bill, setting forth and exhibiting said proceeding in bankruptcy, and claiming title under said assignee ; claiming that under said proceedings they got not only one fourth of said land, but after the death of said Ann E., who died intestate and without issue prior to the 11th of October, 1867, said John M. Long was entitled to one third of her fourth of said land, which interests passed to them by the deed from said assignee in bankruptcy, and that they purchased without notice of the provisions of the will of John Hoge, deceased, and without notice that said land was charged with any secret trust.

Charles W. Watson and John M. Long replied specially to the answer of A. A. Lewis and E. Ralston, putting in issue the affirmative matter therein contained.

On the 21st day of March, 1891, the cause was heard, and

the court decreed that the plaintiffs were entitled to one third of the lands in the bill and exhibits mentioned, and that they were entitled to have partition thereof, and appointed commissioners to go upon the land, and partition the same by metes and bounds, giving one third thereof, according to quantity and quality, to the plaintiffs and two thirds thereof to the children and heirs at law of James F. Conrad, deceased, who had appeared in the cause by guardian *ad litem*.

On the 8th day of July, 1891, the report of said commissioners was received, and, being unexcepted to, was confirmed; and the court decreed that the parties take and hold in severalty, by metes and bounds, as set out in said report and the plat accompanying the same, the respective tracts or parcels of land allotted to them by said commissioners, and the heirs at law of James F. Conrad, by their guardian *ad litem*, obtained this appeal.

It is assigned as error that the court decreed the plaintiffs to be entitled to one third of the land in the bill and exhibits mentioned; also, that it was error to decree the plaintiffs entitled to partition of the said land. Now, when we search for the intention of the testator, John Hoge, in framing the tenth and eleventh clauses of his will, it is manifest that he had two objects. One was to provide for the comfortable support and maintenance of his daughter Eliza A. Long, during her life, and at the same time to protect what he thus appropriated from the improvidence and liabilities of his son-in-law Adam Long. In order to carry out this object, he devised and bequeathed to his executors certain personal and real estate in trust for the support of his said daughter, with power to sell and convey certain lands which were devised to them, holding the proceeds in trust for the purposes aforesaid, giving them power to loan money on interest when they thought it advisable, so that it might be kept safe and ready for the purposes aforesaid; and, if the whole fund placed in the hands of his executors as aforesaid was not all paid out and disposed of for the purpose aforesaid during the natural life of his said daughter, then the residue was to be paid unto her children, naming them. Now, I do not consider it

very material, under the circumstances of this case, whether the property devised and bequeathed to said executors was land or money.

It has been held in the case of *Harcum's Adm'r* v. *Hudnall*, 14 Gratt. 369. that land devised to be sold is no longer land, but money, and in this case part of the property given to these executors was in the shape of bills and notes; and, in considering the case, let us regard it all as money, and by the terms of the will it was to be paid out and disposed of for the necessary support of his said daughter during her natural life. Now, while it is true this clause of the will does not authorize the executors to purchase real estate as a home for said Eliza A. Long, it is apparent that the money thus left to them was to be paid out and disposed of for the necessary support of said Eliza. This would necessarily require considerable discretion on the part of said executors. The tract of land in controversy in this case was purchased by said executors as early as the 28th day of March, 1854, and the executors, in taking a deed for the same, were careful that the same should show on its face that the purchase was made for the exclusive use and benefit of the said Eliza A. Long and her children that she then had, or might thereafter have, free from the control of said Adam Long, and not liable for his debts then existing or thereafter to be contracted. Said Adam Long died in 1856, and Eliza A. lived until March, 1868, and during these twelve years of her widowhood it does not appear that she in any manner found fault with or repudiated the act of said executors in purchasing said real estate.

2 Perry, Trusts, § 849, states the doctrine thus: "If the *cestui que trust* concur in the breach of the trust, he is estopped from proceeding against the trustee. * * * A married woman may concur in a breach of trust in respect to estates settled to her separate use." And in section 850 the same author says: "So, a *cestui que trust* may be barred from relief by long acquiescence in a breach of the trust, though he did not originally concur in it."

For anything that appears in the record, this must have been regarded as a judicious investment on the part of the

said executors of seven hundred and fifty dollars of the money that came into their hands for the use of said Eliza. An undivided third of it appears to have been sold by the plaintiff John M. Long to his coplaintiff, Charles W. Watson, in 1874, for five hundred dollars; and, if the investment was an injudicious one, who had a right to object or complain but Eliza A. Long, the *cestui que trust?* Yet she quietly acquiesces during the entire fourteen years of her life which followed the date of the said deed. After the death of said Eliza, her three surviving children might have objected to treating this investment as land; yet when this bill was filed, in January, 1877, by said John M. Long and Charles W. Watson, nearly nine years after the death of said Eliza A., in said bill it is charged that said executors had no authority to invest the money in realty; and the fact, that they had so invested it, did not bind the children of said Eliza to take the land as their distributive share of the money in the hands of said executors at and after the death of said Eliza; and although the bill charges that said land is held only as a mere chattel for the use of said children of Eliza A. Long, subject to their acceptance, and not as realty; yet the bill alleges that on the 20th day of January, 1874, the plaintiff John M. Long and wife, by their deed of that date, conveyed all of their right, title, and interest in said tract or parcel of land, describing it, for the consideration of five hundred dollars to his coplaintiff, Charles W. Watson. It further appears from the allegations of said bill that James Thomas Long, on the 15th day of December, 1869 and Margaret Jane Long, who married J. K. Bywater, on the 17th day of December, 1871, conveyed their interest in said land to James F. Conrad, all of them thus unequivocally electing to treat said investment as land, and acquiescing in and adopting the action of said executors in making said investment, which, from their uniform and long-continued silence, must have been regarded as a judicious investment, which is further manifest from the fact that, so far as appears, it is all that remains of the property that went into the hands of said executors for the use of said Eliza A. Long during her life, and after her death for her children.

If said executors, then, in making the investment in this tract of land, even committed a breach of trust, said Eliza A. Long, in her lifetime, for fourteen years, and her children for nearly as many years after her death, must be held to have concurred in the breach, and are estopped from proceeding against the executors. Hill on Trustees, at top page 544 (side page 382) says: A *cestui que trust* being *sui juris*, who consents to or acquiesces in an investment by a trustee, can not afterwards question its propriety;" citing *Brice* v. *Stokes*, 11 Ves. 319; *Langford* v. *Gascoyne, Id.* 333; *Booth* v. *Booth,* 1 Beav. 125, *etc.*

Let us next inquire whether D. M. Bailey, as assignee in bankruptcy of J. M. Long, in pursuance of a petition filed by said Long in the district court of the United States for the district of West Virginia on the 10th day of October, 1867, took any estate in said lands by virtue of said bankrupt proceedings. At the time said petition in bankruptcy was filed, together with the schedules, to wit, on the 10th day of October, 1867, Eliza A. Long was still in life, and so continued until the 16th day of March, 1868; and it will be seen by reference to the order directing the sale of said interest, "it was ordered that D. M. Bailey, the assignee, do proceed to sell the interest of said bankrupt in the lands mentioned in his schedule at the time of filing his petition;". and whether we regard said property as personalty or realty, as the absolute property of said Eliza A. Long, under the ruling in *May* v. *Joynes*, 20 Gratt. 692, and *Milhollen's Adm'r* v. *Rice*, 13 W. Va. 510, or only an estate for life in said Eliza A., with remainder to her children, the effect is the same with reference to the transfer of title to said assignee in bankruptcy. At the time of filing said petition in bankruptcy, no title, in either instance, had passed to John M. Long, and, as a matter of course, he could transfer none to his assignee in bankruptcy, and those claiming under said bankrupt sale acquired no title thereby.

Subsequent to the death of said Eliza A. Long, and after the said children had acquired title thereto by inheritance, the said children of said Eliza A., being *sui juris*, so far as appears from the record, having elected to treat said prop-

erty as real estate, and the plaintiff J. M. Long having conveyed his undivided interest therein to the said ·Charles W. Watson, in my opinion, said Watson was and·is entitled to partition of said lands.

The decree complained of is therefore affirmed, with costs.